*1201 TYMKOVICH, Circuit Judge,
dissenting.
I am convinced the arbitrator’s award is contrary to the express terms of the CBA. It is well settled, of course, that an arbitrator’s decision in the interpretation of a collective bargaining agreement is entitled to deference where it “draws its essence from the collective bargaining agreement.” Mistletoe Express Serv. v. Motor Expressmen’s Union, 566 F.2d 692, 694 (10th Cir.1977). But no deference is required when the decision is “contrary to the express language of the contract.” Id.
Here, the arbitrator’s award is contrary to the express language of the CBA. Article 6, Section 2 of the CBA provides that “[a]ny employee engaging in sexual harassment ... may be subject to immediate discharge.” Sexual harassment is plainly grounds for discharge, and the CBA specifically vests with the employer the discretion to terminate for this kind of behavior. That fact that the CBA uses the phrase “may be subject to” rather than the word “cause” creates no interpretive difficulties. The agreement is clear: an employee may be fired for sexual harassment. To find that Dukart engaged in sexual harassment yet could not be terminated at LB & B’s discretion rewrites the manifest intent of the CBA to allow LB & B the power to terminate for harassment. While our review is “among the narrowest known to the law,” Local No. 7 UFCW v. King Soopers, Inc., 222 F.3d 1223, 1226 (10th Cir.2000), in this case the arbitrator stepped outside the agreement between the parties to “dispense his own brand of industrial justice.” Id. at 1227.
Accordingly, I would reverse the decision below.